## Garvine Estate

*Franklin L. Gordon,* for accountant.

MacElree, P. J., July 7, 1965.— . . . This court's attention has been directed to item IV of decedent's will, which is as follows:

"I give my half-sister, CLARA BROWN, the sum of FIVE HUNDRED (500) DOLLARS."

It is averred that the said Clara Brown predeceased decedent, having died February 1962, survived by three issue, to wit, Dorothy Ranck, Charles Brown and Clarence Brown.

The question submitted is whether the legacy quoted above has lapsed by reason of the death of the half sister during decedent's lifetime, or whether it is preserved for the benefit of the issue of said half sister.

This court has searched in vain for any reported case construing section 14(8) of the Wills Act of April 24, 1947, P. L. 89, as amended, as to whether the words "brother or sister" as therein used include those of the half blood.

Unlike the Intestate Act of April 24, 1947, P. L. 80, as amended, section 4(2), which provides that "persons taking under this act shall take without distinction between those of the whole and those of the half blood", section 14(8) of the Wills Act contains no such provision.

There is case law to the effect that gifts to brothers and/or sisters, when so named, include those of the half blood: 4 Hunter O. C., Legacies and Devises §6 (w) (2d ed.).

The residue of decedent's estate is devised to decedent's sister, Ethel Rissel.

Inasmuch as the residuary estate does not pass to testator's spouse, there being none, or issue, there being none, or under the intestate laws, we conclude that said legacy does not lapse and passes to the surviving issue of the said Clara Brown. . . .